## CHARLES BEER v. A. LINDENTHAL.

(No. 2452, R. Book No. 4, p. 270.)

APPEAL from McLennan County. Opinion by WILL-SON, J.

§ **307.** *Res adjudicata not applicable in a subsequent suit between sureties for contribution, nor indorsers for money paid to their use.* L. Beer executed a note payable to his own order, which he and Charles Beer indorsed and delivered to Lindenthal, who also indorsed the note and delivered it to the State Central Bank. The bank sued all the parties on the note. L. Beer and Lindenthal did not answer. Charles Beer answered: 1. That he was an accommodation indorser; that diligence had not been used to fix his liability, and that plaintiff had extended time for payment to L. Beer, the maker, without his knowledge or consent, whereby he was released. Judgment was rendered in favor of the bank against L. Beer and Lindenthal, and in favor of Charles Beer, releasing him from liability for the debt. Lindenthal paid the judgment, L. Beer being insolvent, and then instituted this suit against Charles Beer to recover of him the amount paid in settlement of said judgment, alleging that Charles Beer was one of the makers, and not an indorser of the note; was primarily liable for the debt, and that said Charles had obtained his release in the former suit by perjury. Charles

Beer pleaded in answer that the judgment rendered in the former suit by the State Central Bank, wherein he was released from liability on the note, was *res adjudicata*, and a bar to the suit of Lindenthal.

As a general principle, the judgment or decree of a court of competent jurisdiction is not only final as to all the matters actually determined, but also as to all matters properly involved in the issues passed upon and determined by the court, and it seems the rule is even extended to all matters which might have been properly adjudicated in the suit. [Foster v. Wells, 4 Tex. 101; Teal v. Terrell, 48 Tex. 491; Tadlock v. Eccles, 20 Tex. 782.] This rule is binding on the parties and their privies to the suit. But does this rule apply to the case at bar?

Mr. Freeman, in his work on Judgments, sec. 158, says: "Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. If A. recovers judgment against B. and C. upon a contract, which judgment is paid by B., the liability of A. to B. in a subsequent action for contribution is still an open question, because as to it no issue was made or tried in the former suit. As between the several defendants therein, a joint judgment establishes nothing but their joint liability to the plaintiff."

In Wells on Res Adjudicata and Stare Decisis, sec. 141, it is said: "Where a judgment is rendered against an indorser, and he pays the judgment, and then sues a prior indorser, a previous judgment in favor of a subsequent holder, and for or against the prior indorser, will not debar him from prosecuting his action, or even be admissible evidence therein, because of the want of privity between the plaintiffs in the two actions. In such a case, of course, the second action is not on the note, but for money paid to the use of the prior indorser by the plaintiff." The same author says: "Inasmuch as the judgment on a promissory note merges the note, such judgment at law will conclude the parties to it, so far as

to exclude a defense growing out of the relation of principal and surety existing between the defendants previous to the rendition of the judgment; that is, as to the creditor. As between the defendants themselves, the rendition of the judgment does not change their relation." Sec. 144.

Under the facts in this case, *supra*, and the law, the plea of *res adjudicata* was not good, and could not be maintained in this suit.

November 1, 1882.　　　Reversed and reformed.